**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2141-19

6-8 HOFFMAN PLACE, LLC,

     Plaintiff-Respondent,

v.

TOWNSHIP OF IRVINGTON,

     Defendant-Appellant.

_____

Submitted December 15, 2020 – Decided March 5, 2021

Before Judges Gilson and Gummer.

On appeal from the Superior Court of New Jersey,
Law Division, Essex County, Docket No. L-1276-18.

Murphy Orlando LLC, attorneys for appellant (Jason
F. Orlando, John W. Bartlett and Deborah R.
Rydarowski, on the brief).

Respondent has not filed a brief.

PER CURIAM

In this action in lieu of prerogative writs, plaintiff 6-8 Hoffman Place,

LLC challenged the enforceability of ordinances adopted by defendant

Township of Irvington without the approval of the Department of Transportation. Defendant appeals orders granting plaintiff's motion for summary judgment and denying defendant's cross-motion for summary judgment. We agree with the motion judge that the ordinances are invalid and affirm.

This case involves Irvington's efforts to control truck traffic on Hoffman Place, which begins in Irvington in Essex County and ends in the Township of Hillside in Union County. Plaintiff's property is 6-8 Hoffman Place, which is located and has driveway access at the dead end of Hoffman Place in Hillside, Union County.

Section 620-20 of Irvington's Code excludes "[t]rucks over the specified gross weight . . . from the streets or parts of streets described in Schedule VI (§ 620-100) except for the pickup and delivery of materials on such streets."[1] Irvington Code Section 620-100 contains Schedule VI. On July 13, 2004, Irvington's Municipal Council adopted Ordinance MC-3267, in which it purported to amend Code Section 620-100 "BY LIMITING HEAVY TRUCK

---

[1] Sections 620-20 and 620-100 of Irvington's Code were previously numbered 192-17 and 192-97, respectively, in Irvington's Revised Code. In 2018 by Ordinance MC-3635, Irvington repealed its Revised Code and adopted the existing code, which had the effect of renumbering some existing sections. See Irvington Code §§ 1-1 and 1-2.

TRAFFIC ON HOFFMAN PLACE." Ordinance MC-3267 amended Code Section 620-100 only by adding Hoffman Place to the list of streets contained in Schedule VI. Like Code Section 620-20, Schedule VI provided that trucks over a stated gross weight are excluded from the listed streets "except for the pickup and delivery of materials on such streets." Irvington's intent with Ordinance MC-3267 was "to ensure that Hoffman Place would not be used as an access road for an industrial property, located in Hillside . . . " – plaintiff's property. See Irvington Ordinance MC-3276. Even though Hoffman Place ends in Hillside in Union County, Irvington in Ordinance MC-3267 stated that Hoffman Place "is a self-contained road with[in] the Township of Irvington and approvals from the County of Essex and the State of New Jersey Department of Transportation are not required."

Nevertheless, in a July 19, 2004 letter Irvington's municipal clerk submitted Ordinance MC-3267 to the New Jersey Department of Transportation (DOT), repeating Irvington's municipal engineer's beliefs that Hoffman Place was a "self contained municipal street" and that Irvington did not need DOT or county approval of the ordinance. The municipal clerk expressed his understanding that "the mere filing of these documents constitutes DOT

approval" and asked the DOT to respond "immediately" if it was not in agreement.

In an August 3, 2004 letter, the DOT advised Irvington's clerk that a senior traffic investigator had been assigned to investigate Irvington's request to place a four-ton weight limit on Hoffman Place. Irvington's clerk was instructed to contact the investigator with any questions.

Despite that letter, Irvington allowed Ordinance MC-3267 to become effective on August 8, 2004, and on October 13, 2004, adopted Ordinance MC-3276, which purported to amend and supplement Ordinance MC-3267. Even though it acknowledged that "trucks that utilize Hoffman Place for the property in Hillside pick-up and deliver at that industrial property," Irvington sought with Ordinance MC-3276 to render inapplicable to Hoffman Place the exception for "the pickup and delivery of materials" contained in Ordinance MC-3267 and Code Sections 620-20 and 620-100 and that applies to every other street listed in Code Section 620-100. In Ordinance MC-3276, that exception was expressly removed from Hoffman Place; a four-ton weight limitation would apply to Hoffman Place's "[e]ntire length (pick-up and delivery of materials outside of Irvington is not excluded)." Irvington again asserted in the ordinance that

Hoffman Place "is a self-contained road within the Township of Irvington and approvals from the County of Essex and the [DOT] are not required."[2]

In an October 14, 2004 letter, Irvington's municipal clerk submitted Ordinance MC-3276 to the DOT. Unlike his prior letter, in this letter the clerk did not repeat the assertion that Hoffman Place was a "self contained municipal street." Instead, he advised the DOT that "Hoffman Place runs through the Irvington/Hillside and the Essex County/Union County borders." He nevertheless stated his "understanding that the mere filing of these documents constitutes DOT approval in these matters" and asked the DOT to respond "immediately" if the DOT was not in agreement.

In a November 9, 2004 letter, the DOT advised Irvington's municipal clerk that it had determined two issues "are required to be resolved" in order for the

---

[2] Even though Irvington used the phrase "self-contained road" and asserted in both ordinances that Hoffman Place was a "self-contained road," when asked to admit that Hoffman Place is not "a self-contained road within the Township of Irvington," repeating Irvington's own language, Irvington did not deny that request for admission but objected on the grounds that it called for a legal conclusion and "the phrase 'a self-contained road' is vague, ambiguous, and not defined." In response to an allegation in the complaint that the town council had "mistakenly presumed" that Hoffman Place was a "self-contained road within the Township of Irvington," Irvington asserted that it lacked "sufficient information or knowledge to admit or deny" that allegation and claimed that the allegation stated a legal conclusion. The version of N.J.S.A. 39:4-8 on which Irvington relies defines "self-contained streets." See infra at 12.

DOT to complete its investigation of "the feasibility of establishing a Four (4) Ton Weight Limitation along Hoffman Place":

1.  A previous Four (4) Ton Weight Limitation has previously been approved for Paine Avenue from Union Avenue to Chestnut Avenue in the Township of Irvington. Hoffman Place cannot be accessed through Paine Avenue, except for pick-up & deliveries (Pivnick v. Newark).

2.  Since this . . . is a multi-jurisdictional Street within the Township of Irvington and the Township of Hillside, this request for a Four (4) Ton Weight Limitation will be held in abeyance pending receipt of a similar request from the Township of Hillside.

The DOT again told the clerk to contact the investigator with any questions.[3]

The clerk forwarded the letter to Irvington's municipal engineer, asking him to "review this matter with the law department in an effort to resolve those issues that the [DOT] describes." Apparently, that review never took place. Irvington does not contend that it made any effort to "resolve" the DOT's issues or to seek cooperation or agreement with Hillside or that the DOT ever received a "similar request" from Hillside.

---

[3] Irvington contends that Hillside did not have the sort of interest that the Legislature intended to protect. The DOT, with its requirement that it receive a similar request from Hillside, clearly found that Hillside had an interest in a street that fell within its borders.

Plaintiff purchased the property in 2010 from New Jersey Door Works.[4] Plaintiff accesses the property through the driveway entrance on Hoffman Place and sometimes by crossing over adjacent properties owned by others. As the motion judge noted, the extent of Irvington's enforcement of Ordinances MC-3267 and MC-3276 is unclear. According to plaintiff's then-attorney, he wrote several letters to Irvington's business administrator, many of which were not answered. In an August 25, 2017 letter from its business administrator, Irvington advised plaintiff that it intended to enforce the four-ton weight limitation, stating that "[u]pon recommendation of counsel, the Administration cannot allow NJ Door Works to violate the weight limit ordinance."[5]

Plaintiff filed a complaint in lieu of prerogative writs, seeking a judgment declaring that Ordinances MC-3267 and MC-3276 are "void and unenforceable, to the extent they prohibit the pickup and delivery of materials from and to the Property"; declaring that the ordinances are unenforceable because they are arbitrary, capricious, and unreasonable; ordering Irvington to amend applicable sections of its code "to allow commercial vehicle access to both Hoffman Place

---

[4] New Jersey Door Works, which acquired the property in 2009, is owned by two brothers who are members of plaintiff.

[5] New Jersey Doors Works stores materials at the property.

A-2141-19

and Paine Avenue so that they can access the Property for the pickup and delivery of materials"; and awarding damages, fees, and costs.

Plaintiff moved for summary judgment, seeking the declaratory and injunctive relief it sought in the complaint. Irvington cross-moved for summary judgment. The judge denied Irvington's cross-motion and granted plaintiff's motion, issuing an order in which she granted only the declaratory relief plaintiff had sought that the ordinances were "void, unenforceable and [do] not prohibit the pickup and delivery of materials from and to the Property." In a written opinion, the judge, citing N.J.S.A. 39:4-8(a), found that "procedural deficiencies . . . render[ed] ordinances unenforceable as enacted." She noted that Irvington had failed to notify the DOT, Hillside, or Union County about the ordinances before its approval of the ordinances. Quoting the DOT's November 9, 2004 letter, the judge concluded that the DOT's ruling was clear: Irvington's request for a four-ton weight limitation on Hoffman Place would be "held in abeyance" pending the DOT's receipt of a similar request from Hillside. Finding that "Irvington never requested Hillside's cooperation and Hillside never submitted a weight limitation request to the DOT," the judge concluded that in accordance with the DOT's directive, Ordinance MC-3267 remains "held in abeyance." She found that Irvington's enaction of Ordinance MC-3276 "does not render either

ordinance valid" because the DOT had not approved Ordinance MC-3267 but had "held [it] in abeyance."  She rejected Irvington's laches argument, finding that the doctrine of laches cannot be invoked when "the ordinance(s) in question did not obtain the proper DOT approvals."

In this appeal, Irvington argues that the judge erred in not finding that plaintiff's challenge to the validity of the ordinances was too late pursuant to Rule 4:69-6 and the doctrine of laches; in not finding that the ordinances were valid despite Irvington's failure to obtain DOT approval; and in relying on an amended version of N.J.S.A. 39:4-8 that was not in place when Irvington adopted the ordinances.

We review a trial court's grant of summary judgment "de novo under the same standard as the trial court."  Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016).  We apply the standards of Brill v. Guardian Life Insurance Co. of America, 142 N.J. 520, 540 (1995), and Rule 4:46-2.  The question is whether the evidence, when viewed in a light most favorable to the non-moving party, raises genuinely disputed issues of fact sufficient to warrant resolution by the trier of fact, or whether the evidence is so one-sided that one party must prevail as a matter of law.  Brill, 142 N.J. at 540.

We review a municipal ordinance with a "presumption of validity and reasonableness." State v. Clarksburg Inn, 375 N.J. Super. 624, 632 (App. Div. 2005). Because we presume that a governing municipal body's actions are valid, we defer to its judgment "so long as its decision is supported by the record and is not so arbitrary, unreasonable or capricious as to amount to an abuse of discretion." Jayber, Inc. v. Mun. Council of W. Orange, 238 N.J. Super. 165, 173 (App. Div. 1990). To overcome that presumption, a party challenging an ordinance must demonstrate its invalidity clearly and convincingly. Cona v. Twp. of Washington, 456 N.J. Super. 197, 215 (App. Div. 2018). If an ordinance is "debatable, it should be upheld." Riggs v. Long Beach, 109 N.J. 601, 611 (1988).

The presumption of validity of a local ordinance "is constrained by the obvious understanding that '[a] statute has supremacy over an ordinance,'" Timber Glen Phase III, LLC v. Twp. of Hamilton, 441 N.J. Super. 514, 524 (App. Div. 2015) (quoting In re Ordinance 04-75, 192 N.J. 446, 469 (2007)), because a local governing body, as a "creature of the State," has authority to exercise "only those powers granted to it by the Legislature." Moyant v. Borough of Paramus, 30 N.J. 528, 535 (1959).

A municipality may amend an ordinance "as it may deem necessary and proper for the good government, order and protection of persons and property, and for the preservation of the public health, safety and welfare of the municipality and its inhabitants." N.J.S.A. 40:48-2; see also Clarksburg Inn, 375 N.J. Super. at 633.

Irvington does not dispute the applicability of N.J.S.A. 39:4-8 to this case and the ordinances at issue. It asserts that the judge used the wrong version of the statute. Irvington correctly notes that the judge applied the current version of N.J.S.A. 39:4-8 instead of the version in place when Irvington adopted the ordinances. Even applying the earlier version of the statute,[6] we agree with the judge's conclusion that the ordinances are unenforceable.

Although the version of N.J.S.A. 39:4-8 in place when Irvington adopted the ordinances did not require – as the current version requires – Irvington to provide notice to Hillside and Union County, the then-existing version of the statute, like the current version, required Irvington to obtain approval of the DOT Commissioner – something it did not do. The then-existing version of N.J.S.A 39:4-8(a) provided:

---

[6] N.J.S.A. 39:4-8 was amended by 2001 N.J. Sess. Law Serv. Ch. 342 (Assembly 3577), which became effective on January 5, 2002. Subsequent amendments became effective after Irvington's adoption of the ordinances.

Except as otherwise provided in this section, <u>no ordinance</u> or resolution concerning, regulating or governing traffic or traffic conditions, adopted or enacted by any board or body having jurisdiction over highways, <u>shall be of any force or effect unless the same is approved by the Commissioner of Transportation</u> according to law. The commissioner shall not be required to approve any such ordinance, resolution or regulation, unless, after investigation by him, the same shall appear to be in the interest of safety and the expedition of traffic on the public highways.

[N.J.S.A. 39:4-8 (2002) (amended 2004) (amended 2008) (emphasis added)] [7]

The then-existing version of N.J.S.A 39:4-8(b) defined "self-contained streets" as streets "under municipal jurisdiction which have no direct connection with any street in any other municipality, or in the case of totally self-contained streets under county jurisdiction which have no direct connection with any street in any other county," and permitted municipalities to take certain actions, not including limiting truck weight, on those self-contained streets without approval of the DOT Commissioner.

The material undisputed facts establish that Hoffman Place runs from Irvington, Essex County, into Hillside, Union County. Given that Hoffman

_____

[7] "Highway" was defined then and now as "the entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel." N.J.S.A. 39:1-1.

Place in Irvington, Essex County has a direct connection to Hoffman Place in Hillside, Union County, it clearly is not a self-contained street and Irvington's attempt to impose a truck-weight restriction on that multi-township, multi-county street required the approval of the DOT Commissioner. As the motion judge correctly found, Irvington never obtained that approval. In its November 9, 2004 letter to the Irvington municipal clerk, the DOT found that Hoffman Place was a "multi-jurisdictional" street. The DOT enumerated the issues that Irvington had to address and stated that Irvington's request for a four-ton weight limitation would be "held in abeyance." That is not approval.

Irvington attempts to circumvent the requirement to obtain DOT approval by arguing that the DOT ultimately would have had to approve the ordinances. Maybe the DOT would have approved them had Irvington addressed the issues outlined in the DOT's November 9, 2004 letter. Maybe the DOT would have rejected the ordinances because they were premised on the incorrect assertion that Hoffman Place was "a self-contained road within the Township of Irvington" and maybe Irvington would have had a cause of action against the

13

DOT.[8]  Who knows?  That speculation does not relieve Irvington of its statutory obligation to obtain DOT approval.

Irvington's failure to obtain DOT approval is not a mere procedural deficiency that can be overlooked.  It goes to the core of Irvington's authority to enact the ordinances.  See Timber Glen, 441 N.J. Super. at 524.  The authority granted by the State to municipalities to enact street-related ordinances is circumscribed by the requirements of N.J.S.A. 39:4-8.  Irvington failed to meet those requirements.

Another irony of this case is that Irvington faults plaintiff for the timing of its lawsuit when Irvington took no action to challenge the DOT's 2004 decision to hold Irvington's application in abeyance.  We find Irvington's arguments as to the purported untimeliness of plaintiff's action to be unpersuasive.

The doctrine of laches may apply when a party asserts rights (1) after an unexplained and unexcused delay that is unreasonable under the circumstances;

---

[8]  Ironically, in making this argument, Irvington also encourages us to consider 2008 statutory amendments that, according to Irvington, reveal legislative subcontext.  We choose instead, as we must, to base our decision on the applicable statute and the clear language of the Legislature contained in that statute.  Simadiris v. Paterson Pub. Sch. Dist.,  N.J. Super.  ,  (App. Div. 2021) (slip. op. at 7).

A-2141-19

(2) when that delay caused unfair prejudice to the other party.  Nw. Covenant Med. Ctr. v. Fishman, 167 N.J. 123, 140 (2001).  Plaintiff attempted to address its concerns with Irvington multiple times, with some of its lawyer's letters going unanswered.  We see no unreasonable delay by plaintiff under the circumstances.  More important, laches is an equitable doctrine derived from several equitable maxims, including "equity aids the vigilant, not those who slumber on their rights," "he who seeks equity must do equity," and "he who comes into equity must come with clean hands."  Trapp v. Schaefer, 133 N.J. Eq. 39, 42 (Ch. 1943).  We decline to apply this equitable doctrine in a case in which Irvington attempted to avoid the required DOT approval with incorrect assertions that Hoffman Place was a "self-contained road in the Township of Irvington" and took no action to challenge a 2004 DOT decision holding Irvington's application in abeyance.

In arguing that plaintiff's claim is barred by a statute of repose, Irvington relies on language from Rule 4:69-6(b)(3).  That section of the Rule, however, applies to "a determination of a planning board or board of adjustment, or a resolution by the governing body or board of public works of a municipality approving or disapproving a recommendation made by the planning board or board of adjustment."  That is not this case.  Even applying Rule 4:69-6(a), we

find timely plaintiff's action to prevent Irvington's on-going effort to enforce invalid ordinances.

To be enforceable, an ordinance must be valid. An invalid ordinance does not become valid over time if no one challenges it; it was never valid to begin with. Attempting to enforce an ordinance that was never valid amounts to an abuse of discretion. See Jayber Inc., 238 N.J. Super. at 173. Plaintiff has established clearly and convincingly the invalidity of the ordinances. See Cona, 456 N.J. Super. at 215.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2141-19